UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

G S HOSPITALITY, LLC                    CIVIL ACTION NO. 21-cv-1741

VERSUS                                   CHIEF JUDGE HICKS

ZURICH AMERICAN INSURANCE CO             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

GS Hospitality, LLC ("GS") filed this civil action against Zurich American Insurance Company ("Zurich") for damages arising from an insurance contract dispute. GS filed the suit based on an assertion of diversity jurisdiction, which puts the burden on it to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. More information about the citizenship of the parties is needed to ensure diversity jurisdiction exists.

The complaint alleges that GS owns property in Bossier City and "is situated in Bossier Parish, Louisiana." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v.

TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). GS will need to file an amended complaint that specifically identifies its members and alleges the citizenship of each member.

The complaint alleges that Zurich is "a foreign insurer" with its principal place of business in Illinois. The complaint does not allege Zurich's type of entity. If it is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

GS must specifically state in its amended complaint whether Zurich is a corporation or some other form of entity or association. If it is a corporation, the amended complaint will need to specifically identify its state of incorporation and the state in which it has its principal place of business. If it is an unincorporated association, the amended complaint will need to specifically identify each of its members and their citizenship. The amended complaint is due by **July 8, 2021**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of June, 2021.

Mark L. Hornsby
U.S. Magistrate Judge